IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

Truist Bank,

Plaintiff,

v.

Kenneth C. Burr, Jr.; Ford Motor Credit Company LLC; South Carolina Department of Revenue; and South Carolina Department of Motor Vehicles,

Defendants

Civil Action No. 9:26-1430-BHH

**ORDER**

Defendant Kenneth C. Burr, Jr. ("Burr"), proceeding *pro se*, removed this action from the Hampton County Court of Common Pleas on May 7, 2026. (ECF No. 12.) On July 2, 2026, Plaintiff Truist Bank filed a motion to remand. (ECF No. 20.) In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2) (D.S.C.), the matter was referred to a United States Magistrate Judge for preliminary determinations.

On July 10, 2026, Magistrate Judge Kaymani D. West filed a Report and Recommendation ("Report"), outlining the issues and finding that Burr failed to identify a viable jurisdictional basis for removal of this state mortgage foreclosure action to this Court. (ECF No. 22 at 2.) Accordingly, the Magistrate Judge recommended that the Court *sua sponte* remand this action for lack of subject matter jurisdiction, thereby rendering moot Plaintiff's motion to remand. (*Id.* at 3.) Burr filed objections to the Report on July 27, 2026, and the matter is ripe for review. (ECF No. 25.)

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court

is charged with making a *de novo* determination only of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

In his objections, Burr repeats his assertion that this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1343, and 1443. (ECF No. 25 at 1.) According to Burr, the Magistrate Judge erred by characterizing the underlying action as a mortgage foreclosure action and by failing to "account for the civil-rights grounds, the federal public interest character of the controversy, and the integrated federal statutory and constitutional injuries alleged in the removal papers and related filings." (*Id.*) Burr asserts that the Magistrate Judge did not consider whether removal was proper under 28 U.S.C. §§ 1443 and 1343 because he is a "disabled, disenfranchised, and underserved defendant," and he claims that the Report characterized his federal contentions as defenses when they are "an integrated federal controversy concerning the legality of the transaction and the means of enforcement." (*Id.* at 2-3.) He then repeats the nine elements of a fraud claim and asserts that Plaintiff committed fraud and that his claim implicates the public interest. (*Id.* at 4-6.) Burr further contends that the forum-Defendant rule does not prevent his removal because of federal question and civil rights jurisdiction. (*Id.* at 6.) Lastly, he repeats his assertion that he is disabled, disenfranchised, and underserved, and he asks the Court to consider this case as a "public-interest federal controversy." (*Id.* at 9.)

After *de novo* review, the Court finds Burr's objections entirely unavailing. In short, and as the Magistrate Judge properly concluded, Burr has failed to demonstrate that this action is "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C.

§ 1331. Moreover, the Court finds that Burr's reliance on 28 U.S.C. §§ 1443 and 1343 does not alter the Court's analysis; nor does Burr's assertion that this case is a public interest federal controversy. At bottom, and as the Magistrate Judge explained, "[t]here is no federal jurisdiction over a complaint that 'merely states a cause of action for enforcement of a promissory note and foreclosure of the associated security interest in real property.'" (ECF No. 22 at 2 (quoting *Burbage v. Richburg*, 417 F. Supp. 2d 746, 749 (D.S.C. 2006), and citing other cases).) Furthermore, the Court fully agrees with the Magistrate Judge that Burr's attempt to raise federal questions in defense to the foreclosure action does not establish federal question jurisdiction.

Accordingly, the Court hereby **overrules** Burr's objections (ECF No. 25) and **adopts and incorporates** the Magistrate Judge's Report. (ECF No. 22). Because the Court finds that it lacks subject matter jurisdiction, the Court **remands** this matter to the Hampton County Court of Common Pleas, thereby **finding as moot** Plaintiff's motion to remand (ECF No. 20) and Burr's motion for remote appearance (ECF No. 26).

**IT IS SO ORDERED.**

/s/Bruce H. Hendricks
United States District Judge

September 18, 2026
Charleston, South Carolina